## JOHN T. HARPER *et al.*

*v.*

## MELISSA ROOKER.

1. SUIT FOR SEPARATE MAINTENANCE—*subsequent decree for alimony.* Where a married woman has commenced a suit against her husband, for separate maintenance, under the act of 1867, and pending such suit obtains, in another suit, a decree for a divorce, and for alimony, the decree for alimony will operate as a dismissal or discontinuance of the former suit, without any formal order disposing of it.

2. SAME—*out of what fund alimony may be decreed.* So, where the wife, upon commencing her suit for separate maintenance, caused her husband to be arrested under a writ of *ne exeat,* and to give bond, and certain United States securities belonging to the husband were placed in the hands of the surety on the *ne exeat* bond as an indemnity therefor, and to secure the attorney's fees in that suit and a suit for divorce also then pending, it was proper for the court, in decreeing alimony in the latter suit, at the instance of the wife, to direct the surety on the *ne exeat* bond to pay over to her, as a portion of her alimony, the residue of the securities held by him as an indemnity, after deducting the attorney's fees therefrom, although the former suit was not formally disposed of by any order therein, because the surety could not be held liable upon his bond after the decree for alimony, nor could any further proceedings be had in the suit for separate maintenance.

APPEAL from the Circuit Court of Woodford county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. HARPER & CASSELL, Messrs. INGERSOLL & McCUNE and Mr. S. D. PUTERBAUGH, for the appellants.

Messrs. JOHNSON & HOPKINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that on the third day of October, 1868, Nelson Rooker filed a bill in the Woodford circuit court against appellee, for the purpose of obtaining a divorce. Appellee answered the bill, and filed a cross bill, in which she made appellant and others defendants, and prayed a divorce and for alimony. On a hearing upon the original and cross bills, the court rendered a decree, granting a divorce to appellee, and allowing her $12,000 alimony, and appellants were ordered to pay appellee $4578 as a part of the amount.

After filing the original bill, and before the cross bill was filed, on the thirteenth day of October, 1868, appellee commenced a suit against her husband for separate maintenance, under the law of the fifth of March, 1867, and sued out a writ of *ne exeat*, requiring him to give bond in the sum of $5000.

He was arrested, and appellant, Harper, became his security on the *ne exeat* bond in that sum. Emmet Hickox, one of the defendants, placed in the hands of appellants $5000 in United States bonds to indemnify Harper for becoming security for Nelson Rooker on the *ne exeat* bond, and to secure Ingersoll, Harper & Cassell their attorneys' fees in the two suits then pending.

The suit commenced by appellee has not been tried, and no order made formally disposing of it. This case is brought to this court by appeal, and it is assigned for error, that the court below decreed that appellants should pay to appellee $4578, the balance that remained of the bonds after deducting attorneys' fees.

It is urged that the decree is wrong, inasmuch as the suit for separate maintenance, so far as this record discloses, remains undisposed of in the court below. That court, on the evidence, found that the bonds placed in the hands of appellants by Hickox, belonged to Nelson Rooker, and he, having fled the country, as is conceded, it was decreed to appellee as part of her alimony.

It is not contested that, had the suit for separate maintenance been dismissed, the decree would have been proper, and the question is presented, whether the decree rendered in this case has not, in effect, produced the same result.

It is manifest that the rendition of this decree renders it impossible for appellee to proceed further in that case. In this case, all of the questions in reference to alimony and separate maintenance that could arise on that bill have been heard and adjudicated. Should appellee sue upon the *ne exeat* bond, this decree could be pleaded as an effectual bar to a recovery. The questions which would arise in such a suit have been presented and determined in this, and have become *res adjudicata.*

It is true, there was no formal order of the court consolidating the two cases, but the result was the same. The bill for a divorce presented the question of alimony as fully as did the suit for separate maintenance, and when the divorce was granted, it became the duty of the court to proceed, on the application of appellee, to hear and determine that question. Had the divorce been refused, then it may be that the other suit might still have progressed to a hearing and final decree. But that question is not before us for decision. The decree of the court below is affirmed.

*Decree affirmed.*