## *Ex parte* CAPLE.

Opinion delivered January 14, 1907.

DIVORCE—REQUIRING BOND FOR ALIMONY.—One held under order of the chancery court in a divorce suit which directs that he be detained in custody until he executes a bond for performance of the court's orders in regard to payment of alimony and suit money will not be released on habeas corpus in the circuit court, at least if there was no showing that he was unable to perform the judgment of the chancery court.

Certiorari to Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

*C. T. Wetherby,* for petitioner.

The chancery court was without power to order the petitioner into custody until after there had been an adjudication that he had wilfully disobeyed the valid orders of the court. While the court had the jurisdiction to make the order requiring the payment of the sums of money named in the order, and to require of petitioner the execution of a bond to that end, yet he was entitled to a reasonable time in which to make the bond, and, upon failure therein, should have had an opportunity to show cause why he had not obeyed the order. The court ought not to anticipate a contempt and place the petitioner in custody before he had violated its order. Kirby's Dig. § § 2679, 719-730; 4 Wis. 522; 11 S. W. 669.

*T. B. Pryor,* for respondent.

1. In the absence of a bill of exceptions, all presumptions are in favor of the action of the court, and that the chancery court had jurisdiction to make the order.

2. Of the remedies provided in the statute, Kirby's Dig. § § 2679 to 2682, that of execution and also of sequestration of defendant's property and of property of securities were impracticable, because defendant had no leviable property, nor any securities. Hence, the court could only exact a bond, which was fixed at a reasonable sum, and require security, in order to compel obedience to its order. And, in view of defendant's declarations that he would not obey the order of the court to pay alimony, it would have been idle to trust him to furnish security

voluntarily, and it was necessary to hold him in custody until the bond was furnished.

RIDDICK, ·J. The facts in this case are that Pearl Caple brought an action for divorce against her husband, John Caple, and afterwards filed a petition for maintenance, temporary alimony and allowance of attorney's fees.

On the hearing of this petition the following order was made: "Come the parties, and, the petition for temporary alimony being heard upon evidence, the court orders the defendant to pay to the clerk for the benefit of the plaintiff $20 per month, beginning with the 15th day of December, 1906, and to pay $25, her attorney's fee, within 60 days, and $5 for her cost, and the defendant is required to give bond in the sum of $250, with security to the approval of the sheriff, conditioned to pay said sum, and the sheriff is ordered to take into custody the said defendant, and, in default of his making said bond, commit to jail until the further orders of the court."

The defendant failed to give bond, and was committed to jail. He afterwards filed a petition, and obtained a writ of habeas corpus from the judge of the circuit court. The sheriff who had custody of the defendant made a response to the writ by bringing the defendant before the circuit judge, and by stating in writing that he held the defendant in obedience to the order of the chancery court above referred to, that "upon the rendering of said decree or order he immediately took petitioner into custody, and still detains him, and his sole authority for so doing is the said decree or order. That petitioner has so far been unable to furnish said bond, although he has been given all opportunity requested by petitioner, and has allowed him to go in custody to see friends and relatives in different parts of this county." After hearing the matter the judge held that the petition for a discharge should be denied, and he remanded the prisoner. This judgment of the circuit court is brought before us by writ of certiorari for review.

We have before us in this case nothing but the petition for the writ of habeas corpus, the judgment of the chancery court ordering the defendant in the custody of the sheriff, with leave to give bond in the sum of $250 conditioned to perform the judgment of the court, and the return of the sheriff to the writ

of habeas corpus stating that defendant has been allowed every opportunity to give bond, but has failed to do so, and that he holds him in custody by virtue of the order of the chancery court.

As neither the complaint in the action for divorce, nor the petition of Mrs. Caple for temporary maintenance and attorney's fees, nor the evidence produced before the court on the hearing of the petition, are before us, we must presume that the pleadings and the evidence were sufficient to sustain the judgment rendered by the chancery court, if it can be sustained on that theory. Now, when this order was made, the action for divorce had been commenced, and the defendant had been summoned. He had notice of the petition for temporary alimony, and appeared and was present in court when the case was heard. The court had jurisdiction to try the case, and to make such orders as were authorized by the pleadings and evidence.

The petition for temporary alimony may have alleged that the defendant was able to pay the sums demanded, but had declared his intention not to do so, and that, unless he was compelled to give some security for the payments of the sums ordered to be paid by the court, he would at once leave the State and refuse to perform the judgment of the court. The evidence may have shown that these allegations of the petition were true, and that the only way to protect the rights of the plaintiff was to order the defendant into the custody of the sheriff until he had given bond for the performance of the judgment. In a case of the kind supposed we are of the opinion that the court would have the power to protect the rights of the plaintiff and to make the order it made. *Potts* v. *Potts*, 68 Mich. 492; *Davis* v. *Davis*, 83 Hun (N. Y.), 500; Ex parte *Robinson*, 71 Cal. 608; *Harper* v. *Rooker*, 52 Ill. 370.

It was formerly the common practice in cases of that kind for the courts of chancery to issue writs of *ne exeat* in order to protect the wife's interest and to secure the payment of alimony. When the writ was issued, the practice was to fix the amount of security which the husband must give, and upon failure to give it the husband was held in custody subject to the orders of the court. Nelson on Divorce, § 940.

These writs have been abolished by statute in this State

(Kirby's Digest, § 5970), and have fallen into disuse in other States for the reason that in most of the States the courts may on a proper showing require the husband to give security for the payment of the alimony.  Bishop on Marriage, Divorce and Separation, § 1102.

Our statute expressly provides that the court in actions for divorce "may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and executions and in proceedings as in cases for contempt." Kirby's Digest, § 2679.  It further provides in another section that such orders may be enforced by sequestration and such other lawful ways and means as are in accordance to the rules and practice of the court.  Kirby's Digest, § 2682.  Imprisonment in such a case is only justified on the ground of wilful disobedience to the orders of the court; and, so soon as it is made to appear that the defendant is unable to comply with the orders of the court, he should be discharged.  The proper practice would be to make application to the chancellor for a modification of his order, but, conceding that the matter may be inquired into on a writ of habeas corpus issued by the circuit judge, there is nothing here to show that the petitioner was unable to perform the judgment of the chancery court.  For, though that was alleged in the petition for the writ of habeas corpus, no evidence was introduced to support the allegation, and the circuit judge was justified in refusing to act on the allegations in the petition alone.

Counsel who oppose the discharge of the petitioner assert in their brief that petitioner on his examination before the chancery court stated that he earned four dollars a day at work as a miner, but that he did not intend to pay anything towards the support of his wife and infant child.  We have no means of knowing whether this is so or not from the record, for the evidence is not in the record.  But the presumptions are all in favor of the validity of this judgment, and from the record before us we are not able to say that it is void.  We are therefore of the opinion that the circuit judge was right in refusing to discharge, and in remanding the prisoner to the custody of the sheriff.  The writ of certiorari will therefore be quashed, and the judgment affirmed.