In the matter of the alleged contempt of LENA SCHACHMAN.

[Decided June 24th, 1932.]

*Mr. Samuel A. Scharff,* for the prosecution.

*Mr. Bernard Mindes,* for the respondent.

BACKES, V. C.

These criminal contempt proceedings are against Lena Schachman, upon the petition of the solicitor of one Leon Zwikel, who presents that his client is the complainant in a pending cause in this court against Lena Schachman; that he (meaning his client) filed a bill against the defendants to set aside a chattel mortgage made by Lena Schachman and Harry Schachman to another defendant, Isadore Ansky, as fraudulent against a judgment recovered by his client against the Schachmans; that by the decree entered February 26th, 1932, the mortgage was set aside as fraudulent as against the complainant's judgment recovered in the first district court of Newark, April 24th, 1931, for $390 debt, and $23.60 cost, and that a constable of Essex county was ordered to sell the goods (household effects) free of the mortgage; that the constable has attempted to sell the goods, but was refused admission to the house of the Schachmans. This is the gravaman: "On or about February 1st, 1932, the said Lena Schachman and Harry Schachman, or one or both

of them, removed or caused to be removed the said chattels heretofore set forth, thus removing the subject-matter of the litigation and making the decree of this court of no effect."

In criminal contempt in equity, the petition is the substitute for an indictment at common law and must present the offense with the same certainty and preciseness as required of an indictment.

The allegation that Lena and Harry "or one or both of them" removed, &c., does not charge Lena with the offense of removing; Harry may be the guilty one.

Then, from where were the goods removed? Their location is not alleged in the petition. We may suspect that they were in the Schachman home, but there is no allegation to that effect and none from which it may be inferred that they were in the home and removed from there. If it was meant to be said in the petition that the furniture had been in the home, 45 Willoughby street, and that it had been removed from there by Lena Schachman, and if we assume the allegations to be true, it is to be presumed that the furniture was moved in the regular course of changing the place of residence to Conkling street. That was not contempt.

Another defect in the proceedings is that the petition to punish for contempt was made to the vice-chancellor who advised the decree. This violated rule 130-4A, which requires the application to be made to some other vice-chancellor.

And also this irregularity appears: The order requires the respondent to show cause before the vice-chancellor. The proceedings in criminal contempt are original; the order must be returnable before the chancellor; it may then be heard before a vice-chancellor under the general reference rule 130. The petition and order to show cause will be dismissed.

A petition against Harry Schachman is similarly defective and also will be dismissed.