GRAY *v.* GRAY.

4-6642 155 S. W. 2d 575

Opinion delivered November 10, 1941.

*Nance & Blansett,* for appellant.

*Duty & Duty,* for appellee.

PER CURIAM. Petitioner asks an order of this court directing her husband, Carl Gray, to pay $50 monthly maintenance, an attorney's fee, costs, and that a pending appeal be advanced.

May 22, 1941, petitioner was awarded $50 per month, $50 for her attorney, and $15 suit money. An appeal was granted Carl Gray, but was not perfected. The clerk of the chancery court accepted a supersedeas bond, but during the same day indorsed it: "Approved by mistake, and approval set aside."

June 19—the day the supersedeas bond was approved and then canceled—the chancery court, when asked to enforce its judgment of May 22 by citation for contempt, found that the defendant was in default, but held that

jurisdiction had been lost, because an appeal had been prayed. It was also held that the clerk was without authority to recall the supersedeas.

We think the cause should be remanded to the chancery court with directions to assume jurisdiction and make appropriate orders for enforcement of the decree. In *East* v. *East*, 148 Ark. 143, 229 S. W. 5, it was held that our statutes provide adequate remedy for the enforcement of decrees for alimony and maintenance in divorce cases. Crawford and Moses' Digest, §§ 3506, 3509. These sections appear as §§ 4388 and 4391 of Pope's Digest. In the East case it was said that these statutes authorize imprisonment for refusal to obey the orders of the court and to compel obedience of such orders. Ex parte *Caple*, 81 Ark. 504, 99 S. W. 830.

In the instant case the trial court's jurisdiction was not affected by the clerk's erroneous acceptance of an insufficient supersedeas bond; nor could the judgment be superseded except by authority of the court. The order of the court below was based upon an erroneous application of § 2768 of Pope's Digest, which relates to the discharge or to the strengthening of defective supersedeas bonds; but that section has application only to appeals to this court which have been perfected.