KEARNEY *v.* BUTT, CHANCELLOR.

5-479                                    271 S. W. 2d 771

Opinion delivered October 18, 1954.

· *Rex W. Perkins, Lee Seamster* and *E. J. Ball,* for petitioner.

*Lovell & Evans,* for respondent.

J. SEABORN HOLT, J.   The question presented by this petition for Writ of Prohibition is whether the trial court lost jurisdiction to enforce its orders for temporary alimony and allowances *pendente lite,* when proper appeal notices were filed by both parties, but no supersedeas bond was filed by either.

Petitioner, James R. Kearney, Jr., sued Louise Valle Kearney for divorce January 20, 1954, and on January 23, 1954, the court made an order directing petitioner to pay to his wife a substantial amount for temporary alimony, suit money and attorneys' fees.  On February 20, thereafter, petitioner (husband) filed notice of appeal from this order and on February 22, his wife filed notice of cross-appeal.  Neither the husband nor wife filed supersedeas bond.  March 1, Mrs. Kearney filed petition asking that her husband be cited for contempt for failure to comply with the court's order of January 23, and the contempt order was issued by the court March 4.  Hearing was had March 29 and the court's decree recites:

"The court . . . finds that it does have jurisdiction to hear and determine the defendant's petition for

citation for contempt because the plaintiff (husband) has failed to make all the payments as ordered by the court, and no supersedeas bond was filed. The plaintiff contends that because of the appeal by both parties, this court has lost jurisdiction to take any further action in this matter and moves the court in short for a stay of proceedings on said petition to give the plaintiff time to file a petition for a writ of prohibition in the Supreme Court of Arkansas, and the court orders that said proceedings be stayed herein, pending a decision of the Supreme Court in this matter." This was an appealable order. *Hecht* v. *Hecht,* 28 Ark. 92.

We hold that, in the circumstances, the court had jurisdiction. In the case of *Gray* v. *Gray,* 202 Ark. 1154, 155 S. W. 2d 575, wherein the situation was similar, in effect, to the present case, we held that the court had jurisdiction. What we said in that case applies with equal force here. There, the husband had appealed from an order directing him to pay to his wife maintenance, attorney's fees and costs *pendente lite* but failed to execute a supersedeas bond, and we there said: "An appeal was granted Carl Gray, but was not perfected. The clerk of the chancery court accepted a supersedeas bond, but during the same day indorsed it: 'Approved by mistake, and approval set aside.'

"June 19—the day the supersedeas bond was approved and then canceled—the chancery court, when asked to enforce its judgment of May 22 by citation for contempt, found that the defendant was in default, but held that the jurisdiction had been lost, because an appeal had been prayed. It was also held that the clerk was without authority to recall the supersedeas.

"We think the cause should be remanded to the chancery court with directions to assume jurisdiction and make appropriate orders for enforcement of the decree. In *East* v. *East,* 148 Ark. 143, 229 S. W. 5, it was held that our statutes provide adequate remedy for the enforcement of decrees for alimony and maintenance in divorce cases. Crawford and Moses' Digest, §§ 3506,

3509. These sections appear as §§ 4388 and 4391 of Pope's Digest (now §§ 34-1210 and 34-1212, Ark. Stats., 1947). In the East case it was said that these statutes authorize imprisonment for refusal to obey the order of the court and to compel obedience of such orders. *Ex parte Caple,* 81 Ark. 504, 99 S. W. 830.

"In the instant case the trial court's jurisdiction was not affected by the clerk's erroneous acceptance of an insufficient supersedeas bond; nor could the judgment be superseded except by authority of the court."

Assuming but not deciding that an order allowing alimony *pendente lite* can be superseded, nevertheless there was no supersedeas in the case at bar.

Accordingly, the writ must be and is denied and an immediate mandate ordered.