284 P.2d 222

Gertrude RIVERA, Plaintiff-Appellee,

v.

M. C. HUTCHINGS, Defendant-Appellant.

No. 5884.

Supreme Court of New Mexico.

May 26, 1955.

H. E. Blattman, Las Vegas, V. A. Doggett, Raton, for appellant.

Robert A. Morrow, Raton, for appellee.

LUJAN, Justice.

This is an appeal from a judgment entered in favor of plaintiff and against the defendant. The matters which took place prior to the trial of the case are as follows:

On April 29, 1952, the plaintiff (appellee) filed her complaint against the defendant (appellant) to establish the paternity of her child born out of wedlock, and for support money for said child. On June 2, 1952, the defendant filed his answer to said complaint. On June 24, 1952, plaintiff noticed defendant for trial on the merits as of July 1, 1952. On June 27, 1952, defendant filed his request for a jury trial and deposited the requisite fee. On November 6, 1952, the defendant filed an affidavit of prejudice against the Honorable Luis E. Armijo, the district judge of the fourth judicial district, in and for San Miguel County. The case was then at issue and the affidavit was filed more than ten days before the beginning of the term of said court. On November 14, 1952, the clerk of the district court of said fourth judicial district certified to this court that an affidavit of disqualification had been filed against the said Luis E. Armijo, District Judge, and that opposing counsel had failed to agree upon a judge of another district to try the case. On November 15, 1952, based upon said certification the then Chief Justice of this court designated the Honorable Fred J. Federici, Judge, of the Eighth Judicial District to try the same, and mailed a copy thereof to the Hon. Luis E. Armijo and opposing counsel. On November 24, 1952, plaintiff's counsel filed a

motion to vacate the designation of the judge of the eighth judicial district on several grounds. On or before December 29, 1952, counsel for plaintiff telephoned the then Chief Justice and informed him that he was unaware of the disqualification of Judge Armijo and he would never have agreed on Judge Federici, because he did not believe that he could preside over the case with impartiality. On December 31, 1952, the then Chief Justice vacated the order designating Judge Federici because it was improvidently issued. On September 4, 1953, the Hon. Luis E. Armijo entered an order in said cause declaring that the affidavit of disqualification filed against him on November 6, 1952, by defendant was ineffective to disqualify him to hear said cause.

Thereafter the case was set for trial on August 26, 1953, and on said day Mr. H. E. Blattman, counsel for defendant, stated to the court:

"As I understand, this case was set for trial on its merits for today, then Mr. Doggett informed me that the defendant is very ill and asks that the case be continued, and Mr. Morrow told him he would not insist on trying the case on its merits at this time. My information is that Mr. Hutchings, the defendant, has been in the hospital for about three weeks, then was released, and then sent back and is still in the hospital. As I understand it was agreed that the testimony of one certain witness, Mrs. Nash Trujillo might be taken at this time.

"For the sake of the record, the defendant *objects to any testimony being introduced in this case for the reason that this Court is without jurisdiction on account of an affidavit of disqualification duly filed in this case.*

"By Mr. Morrow: As to the plaintiff's motion to set the case for trial and argument pertaining to the affidavit of disqualification, I have prepared this motion and recounted in detail our grounds for the motion, and have given Mr. Blattman a copy of the motion and order.

"By Mr. Blattman: I just make this for the record: The defendant objects to the order as presented *for the reason that this Court cannot sign any order in this case for the reasons stated.*

"By the Court: The order designating a judge, made by the Chief Justice of the Supreme Court and filed in this cause on January 2, 1953, was apparently based on some proceeding filed in the Supreme Court.

"The objection will be overruled."

At the conclusion of the testimony of the witness Mrs. Nash Trujillo, the court said:

"I have been handed a proposed order by the plaintiff, but I do not have time to study it now, but will do so later and will then notify counsel for plaintiff and defendant whether I will sign it or not."

On September 4, 1953, the above proposed order handed him by plaintiff's attorney was signed by Judge Armijo. The first part of it reads:

"This matter coming on before the Court on the 11th day of May 1953, being the 2nd Monday in May and the first day of the May, 1953 term of the District Court and the plaintiff appearing in person, and by Robert A. Morrow, her attorney, and the defendant appearing by Henry E. Blattman, his attorney, and the plaintiff in open court moved the Court to set the above styled and numbered cause for trial to the jury on the merits *and to adjudge and declare the affidavit of disqualification filed by the defendant, attempting to disqualify the Honorable Luis E. Armijo, District Judge, from presiding in this cause null and void, and the defendant resisting said motion and urging that the Court was effectively disqualified by the affidavit of disqualification filed by defendant the 6th day of November, 1952,* and the Court having fully heard said matter and being fully advised in the premises finds:"

The last part of the order reads as follows:

"That said affidavit is void and is ineffective to disqualify the Honorable Luis E. Armijo as District Judge to hear said matter and the Court so announced in open Court.

"Whereupon, defendant by his attorney Henry E. Blattman announced to the court that the defendant would withdraw his request for a jury trial and try the matter to the Honorable Luis E. Armijo upon ten days' notice.

"The defendant excepted to the ruling of the Court in refusing to acknowledge and recognize said affidavit of disqualification."

Thereafter, on November 20, 1953, the case came on for trial and Mr. Blattman again renewed his objection to have Judge Armijo try the case, he said:

"If the Court please, we want to renew our objection to any testimony being taken on the grounds that your Honor has been effectively disqualified to try this case by the filing of the Affidavit of Disqualification in due time.

"Mr. Morrow: The Plaintiff resists the motion and submits that the Court has not been timely disqualified, and that the order designating the other judge has been withdrawn by the Chief Justice of the Supreme Court, which

leaves the matter in the jurisdiction of this Court.

"The Court: The motion will be overruled.

"Mr. Blattman: If the Court please, could we have the record show the same objection and the same ruling to all questions?

"The Court: The record will show the same motion and objection to any and all witnesses called for the Plaintiff to testify in this case, and the same ruling, overruling the objections and the motions, that is, with reference to the disqualification of the present judge to try this cause."

Thus, it will be seen that there was nothing defendant's counsel could do after the judge refused to disqualify but to remain before the court and to present and preserve every legal right in the proceedings, as he did, so that this court could review the whole proceedings.

Section 21–5–8 of the 1953 Compilation provides:

"Whenever a party to any action or proceeding, civil or criminal, except actions or proceedings for constructive and direct contempt, *shall make and file an affidavit* that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by such resident judge, except by consent of the parties or their counsel, cannot, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, *such judge shall proceed no further therein,* but another judge shall be designated for the trial of such cause either by agreement of counsel representing the respective parties, or upon the failure of such counsel to agree, then such facts shall be certified to the chief justice of the Supreme Court of New Mexico, and said chief justice of the Supreme Court of the state of New Mexico shall thereupon designate the judge of some other district to try such cause."

Section 21–5–9 provides:

"Such affidavit *shall be filed* not less than ten (10) days before the beginning of the term of court, if said case is at issue."

■ The filing of the affidavit of prejudice, after the case was at issue in the manner and form prescribed by Sections 21–5–8 and 21–5–9, supra, ipso facto divested the judge of all further jurisdiction in the case, and his subsequent proceedings were without jurisdiction and null and void. Cf. State v. Towndrow, 25 N.M. 203, 180 P. 282.

■ The contention of appellee, that because a copy of the affidavit of prejudice was not served on him, and because it was

not called to the attention of the trial judge, was ineffective, is without merit. There is nothing in the statute which gives any indication that a copy of the affidavit should be served on opposing counsel or that it must be brought to the trial judge's attention, after it is filed in the office of the clerk of the district court. If it had been the intention of the legislature to have a copy of said affidavit served upon opposing counsel and to call the judge's attention to the same, it could have easily so provided. However, this is a matter which may be appropriately addressed to the Legislature.

For the reasons stated, the judgment should be reversed, and the cause remanded. If counsel are unable to agree on a district judge within ten days after receipt of mandate, then the clerk of the district court should so certify to the Chief Justice of this court, as provided for by rule, for his action in the matter. The judge agreed upon or designated will vacate the judgment and hear the case de novo.

COMPTON, C. J., and SADLER and McGHEE, JJ., concur.

KIKER, J., dissenting in part.

KIKER, Justice (dissenting in part).

I concur in the result at which Justice LUJAN arrives in his opinion but cannot agree to the content of the paragraph next to the last of the opinion and so must dissent thereto.

It is inconceivable to me that one of the parties to a suit can be kept in ignorance of the filing of any paper by another, which paper can accomplish anything in the suit.

In our Rules of Civil Procedure, Rule 5 is entitled "Service and Filing of Pleadings and Other Papers." It reads:

"(a) Service—When Required. Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, * * * and every written notice, appearance, demand, * * * and similar paper shall be served upon each of the parties affected thereby, * * *."

When an affidavit of disqualification of a judge is filed it necessarily constitutes notice to all who may look into the file that the judge may no longer do anything about the case. I know of no stronger demand that can be made in a matter of litigation than that the judge, whose ordinary right it would be to preside in the case until entry of judgment, must stand aside, allowing some other judge selected as provided by law, to try the case. I think the opinion in this case ought not include anything in any way which can be taken as approving a failure to serve on the opposite party a copy of the disqualification of a judge which is filed.