417 P.2d 205

Merrill **NORTON** and Barton L. Ingraham, Petitioners,

v.

The Honorable George L. **REESE**, Jr., Judge of the District Court of the Fifth Judicial District of the State of New Mexico, Respondent.

No. 8075.

Supreme Court of New Mexico.

July 25, 1966.

Modrall, Seymour, Sperling, Roehl & Harris, Kenneth L. Harrigan, Albuquerque, for petitioners.

Patrick F. Hanagan, Dist. Atty., Roswell, Charles A. Feezer, Sp. Asst. Dist. Atty., Carlsbad, for respondent.

## OPINION

NOBLE, Justice.

This is an original prohibition proceeding in the Supreme Court by Merrill Norton and Barton L. Ingraham seeking to prohibit the Honorable George L. Reese, Jr., Judge of the Fifth Judicial District, from presiding at the trial of a criminal contempt action against them.

Norton and Ingraham, attorneys at law, are charged by criminal information in Eddy County with having unlawfully and willfully impeded the orderly administration of justice in the district court of Eddy County by (1) filing a petition in Otero County seeking an injunction to restrain a receiver appointed by the Eddy County district court from selling and conveying certain real estate; (2) obtaining a temporary restraining order from the district court of Otero County; and (3) procuring service of the restraining order on the receiver in Eddy County.

Norton and Ingraham timely filed an affidavit pursuant to § 21-5-8, N.M.S.A. 1953, seeking to disqualify Judge Reese and prevent him from further action in the contempt proceeding. The statute, as amended by § 2, Ch. 165, Laws 1965, ef-

fective March 25, 1965, so far as pertinent, reads:

"Whenever a party to any action or proceeding, * * * including proceedings for indirect criminal contempt arising out of oral or written publications, * * * shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, * * * that judge shall proceed no further. * * *"

 Judge Reese refused to honor the disqualification upon the ground that the contempt, as charged in the information, is not one arising out of an oral or written publication. If this is an action for which a judge may be disqualified by the timely filing of the statutory affidavit, the judge was ipso facto divested of all further jurisdiction in the case, and his subsequent proceedings were without jurisdiction and null and void. Rivera v. Hutchings, 59 N.M. 337, 284 P.2d 222, 225.

 It appears to be agreed that the criminal information charges the relators with an indirect or constructive criminal contempt. The respondent, however, denies that it is one "arising out of an oral or written publication," and that the presiding judge can, therefore, be disqualified by filing the statutory affidavit. Respondent asserts that it was merely the filing of the complaint in the Otero County case which, together with securing the restraining order and its service on the receiver, impeded the administration of justice and constituted the contempt. We cannot agree. The real basis of the alleged contempt was not merely the act of handing the complaint in the Otero County case to the clerk of that court for filing, but it was relators' act in securing an order of the Otero County court interfering with the actions of the officer appointed by and carrying out the directions of the Eddy County court. We take judicial notice that a written pleading is a prerequisite to obtaining a restraining order. We are clear that under the facts here present the contempt charged in this case is an indirect criminal contempt arising out of a written publication—the written complaint filed by relators in the Otero County court. As further evidence that the action is one arising out of the written complaint filed in Otero County, the district attorney, in response to a demand for a bill of particulars, stated into the record in this case:

"* * * but if the pleadings are admitted in evidence from the Otero County suit, and they were drawn by these parties, it's information which they are fully in possession of at this time. And, it will be our contention, as a factual matter, that certain elements of that information are incorrect, false and not in good faith. In addition to the over all fact that they filed it."

Thus, the criminal information, as supplemented by the particularization, charges

that the written complaint in Otero County contains incorrect and false allegations made by relators in bad faith. We express no opinion as to whether the same result would follow if the contempt were based on the filing alone. However, see Hume v. Superior Court, 17 Cal.2d 506, 110 P.2d 669.

■■ An information charging a criminal contempt is a substitute for an indictment at common law. See In re Schachman, 161 A. 302, 10 N.J.Misc. 809; Cornett v. State, 155 Neb. 766, 53 N.W.2d 747. It serves the same purpose as the indictment in charging a criminal offense. The right of a defendant "to demand the nature and cause of the accusation" assured by § 14, article II of the State Constitution is preserved by the right to a bill of particulars. State v. Shroyer, 49 N.M. 196, 160 P.2d 444. The information and bill of particulars are to be read together as a single instrument constituting the accusation. State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1.

■ We think the relators, under the facts presented to us in this case, are accused of an indirect criminal contempt arising out of a written publication, so that the presiding judge may be disqualified from further action in the case by the timely filing of the affidavit provided for by § 21–5–8, supra, and that Judge Reese was so disqualified in this instance.

An asserted constitutional disqualification was expressly withdrawn by relators and is no longer an issue.

■ Finally, the relators contend that the criminal contempt was complete in Otero County and that the venue of this action lies in that county. Section 40A–1–15, N.M.S.A.1953, so far as material, provides:

"All trials of crimes shall be had in the county in which they were committed. In the event elements of the crime were committed in different counties, the trial may be had in any county in which a material element of the crime was committed. * * *"

We agree with relators that the alleged contempt was commenced by filing the complaint in Otero County requesting the restraining order and obtaining the order of the Otero County court. However, in addition to the filing of the complaint, there followed the service of the restraining order resulting in the alleged willful and unlawful interference with an officer of the Eddy County court. It is apparent that service of the restraining order on the receiver in Eddy County was a material element of the offense. Certainly the relators cannot escape responsibility for service of the order by the contention that it was actually made by the sheriff. It is immaterial that they did not personally hand the order to the receiver. They agree that

they caused the sheriff to make such service. We, therefore, hold that their act in causing the service to be made in Eddy County constitutes a material element of the alleged offense and that under those circumstances the venue properly lies in Eddy County. Anno. 99 A.L.R.2d 1101, 1113.

It follows that the alternative writ of prohibition heretofore issued should be made permanent.

It is so ordered.

CHAVEZ, MOISE and COMPTON, JJ., concur.

CARMODY, C. J., not participating.