469 P.2d 729

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Willie APODACA, Defendant-Appellant.**

**No. 477.**

Court of Appeals of New Mexico.

May 15, 1970.

Stanley F. Frost, Norman E. Runyan, Tucumcari, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Ray Shollenbarger, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant was convicted of aggravated assault. Section 40A-3-2, N.M.S.A.1953 (Rep.Vol. 6). Appealing, defendant asserts the trial court improperly refused to allow defense counsel to cross-examine the complaining witness about his prior drinking. Defendant contends the trial court abused its discretion by limiting the cross-examination and deprived defendant of a meaningful confrontation and a fair trial.

The witness testified on both direct and cross-examination that on the day of the assault he had been drinking wine and beer since shortly after noon. The assault occurred sometime between 9:00 P.M. and 11:00 P.M. Over the State's objection, defendant was permitted to cross-examine the witness as to his drinking "[a] few days" prior to the day of the assault. Defense counsel then asked the witness whether he drank quite a bit in mid-day; that is, "nipping along." At that point the trial court said: "That's enough on that line."

■ The permissible extent of this cross-examination was within the discretion of the trial court. State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct.App.1968). Nothing in the record indicates the trial court abused its discretion in cutting off an inquiry into the witness's drinking times and style "[a] few days" prior to the crime.

■ Further, defendant made no objection to the trial court's ruling; he never asserted, to the trial court, that his cross-examination was being improperly limited. Not having alerted the trial court to the error now alleged, the contention will not be considered for the first time on appeal. State v. Paul, 80 N.M. 521, 458 P.2d 596 (Ct.App.1969); State v. Duran, 80 N.M. 406, 456 P.2d 880 (Ct.App.1969).

Affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.