483 P.2d 292

Attila CSANYI, Plaintiff-Appellant,

v.

Teresa CSANYI, Defendant-Appellee.

No. 9174.

Supreme Court of New Mexico.

March 29, 1971.

Ray Tabet, Albuquerque, for plaintiff-appellant.

Sutin, Thayer & Browne, Paul G. Bardacke, Charles T. Dumars, Legal Aid Society, Albuquerque, for defendant-appellee.

## OPINION

McMANUS, Justice.

A divorce action was filed in the district court of Bernalillo County by the plaintiff against the defendant. An Ex Parte order was first obtained by plaintiff concerning custody of two children. After service by publication, the decree was granted to plaintiff along with a grant of child custody. A motion and special appearance was filed by plaintiff on or about the date of the final decree. The court then vacated the final decree and on an Ex Parte basis later awarded temporary custody to the defendant. Thereafter, the whole matter was tried to the court, resulting in a final decree of divorce being granted to defendant along with child support, alimony and attorney fees. This appeal followed.

Plaintiff urges reversal on the ground that defendant had entered a special appearance attacking the jurisdiction of the New Mexico court. The defendant did contest the jurisdiction of the court in her motion applying for a special appearance. However, the consent to the jurisdiction became complete when defendant participated with plaintiff in the trial on its merits and invoked a judgment of the court. Hammond v. District Court of Eighth Judicial District of New Mexico, 30 N.M. 130, 228 P. 758 (1924); Field v. Field, 31 N.J.Super. 139, 105 A.2d 863 (1954).

It should be pointed out here that orders involving custody of the subject children were erased by an order of the court entered April 2, 1970. The last paragraph of this order reads, as follows:

"2. That this cause proceed as though such decree had not been entered and all pleadings in aid of such default decree be and hereby are set aside."

After this, an order was entered giving defendant custody until the trial of the case on its merits. On May 28, 1970, the case was heard.

Reviewing the findings of the trial court, it is apparent that the court considered it to be in the best interests of the children to be with their mother, based upon substantial evidence presented it, including the testimony of the children, contrary to plaintiff's witnesses, that they preferred to be with their mother. Further, the concept that the award of custody of children shall be for their best interests is a basis of the trial court's discretion in such matters, and there exists no legal requisite that the language of the trial court's findings must be couched in the exact phraseology "in the best interests of the children," as the plaintiff would allege.

Plaintiff would argue that the New Mexico Rules of Civil Procedure were not followed inasmuch as an answer was not filed by the defendant. Beginning with Valdez v. Archuleta, 3 N.M. 296, 5 P. 327 (1885), and through Garvin v. Gordon, 36 N.M. 304, 14 P.2d 264 (1932), this Court has held:

"A party may not, after consenting to litigate an issuable defense, not pleaded, later, and upon failing to sustain the issue through want of proof, insist that the defense was not available because not pleaded."

Here, plaintiff never objected to litigating any of the issues tried before the court.

Complaint was made concerning the participating by two attorneys for defendant and a restriction on examination by plaintiff's counsel. The record again indicates no objection by plaintiff during the trial. The so-called restriction of examination by counsel was strictly within the trial judge's discretion and was done to avoid repetition of questions and answers. The trial judge has a duty to guide a trial expeditiously to its conclusion. Judges need not sit as sphinxes on the bench, nor should they be mere umpires, but they should to a certain extent guide the course of a trial. Haslam v. Morrison, 113 Utah 14, 190 P.2d 520 (1948). We see no error here committed by the trial judge in his supervisory control over the trial.

The rulings of the trial judge as to these matters were not inconsistent with justice nor were the substantial rights of any party affected. See § 21–1–1(61), N.M.S.A. (1953 Comp.).

The allowance of alimony and attorney fees by the trial court was consistent with the evidence. Inasmuch as appellant posted no bond or made no request for a stay upon appeal, the trial court could enforce its order for alimony and allowances. Kearney v. Butt, 224 Ark. 94, 271 S.W.2d 771 (1954).

The judgment below is affirmed. It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.