494 P.2d 192

STATE of New Mexico, Plaintiff-Appellee,

v.

Phillip LATHAM, Defendant-Appellant.

No. 799.

Court of Appeals of New Mexico.

Feb. 4, 1972.

Eugene E. Brockman, Tucumcari, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of unlawful sale of marijuana, defendant appeals. The applicable statute, now repealed, is § 54–5–14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2). See Laws 1971, ch. 245, § 13. The issues concern: (1) disqualification of the trial judge; (2) restriction of cross-examination and (3) lack of

foundation for testimony of a witness. We affirm.

*Disqualification of trial judge.*

An affidavit was filed disqualifying Judge Gallegos. No question is raised concerning the sufficiency of the affidavit or its timeliness. See §§ 21–5–8 and 21–5–9, N.M.S.A.1953 (Repl.Vol. 4); the 1971 amendment to § 21–5–9, supra, is not applicable.

The affidavit was filed at 9:24 a. m. on January 13, 1971. Sometime during that day defendant's wife presented an appearance bond to Judge Gallegos for approval. The judge had defendant brought before the court and asked defendant if he had signed the bond and whether defendant wanted the judge to approve it. Receiving affirmative replies, the judge stated "* * * I find it satisfactory * * *."

On January 21, 1971, defendant appeared before the court for arraignment. Defendant stood mute and a plea of not guilty was entered on his behalf by Judge Gallegos. Defendant's attorney then entered a special appearance to contest the jurisdiction of the court. On this date, according to the record, "* * * the Court permitted the defendant to remain under the bond previously given."

At the opening of a new term of court on March 2, 1971, defendant's attorney, by telephone, informed the court he could not come to Tucumcari because of weather conditions. The attorney inquired what had been done in regard to defendant's bond, which was returnable on that day. "* * * [T]he Court replied * * * that no action had been taken * * * so far that day in connection with said bond, and * * * stated * * * that he would continue and have the defendant kept under his present bond, if that is what Mr. Knott [the attorney] desired, to which Mr. Knott replied to the Court, 'Yes,' and the Court stated that the bond would be continued, * * *"

Defendant claims that Judge Gallegos was without jurisdiction to take further ac-

tion in the case after the affidavit of disqualification was filed. The State asserts that the judge exercised his discretion in both approving the appearance bond and in continuing the bond on two occasions. Accordingly, the State asserts Judge Gallegos proceeded correctly in striking the affidavit of disqualification.

In striking the affidavit, Judge Gallegos noted that at the time he approved the appearance bond, he had no knowledge that the affidavit had been filed. Despite language in State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.2d 852 (1935) suggesting the affidavit must be called to the attention of the court, Rivera v. Hutchings, 59 N.M. 337, 284 P.2d 222 (1955) expressly holds that the disqualification is effective upon being filed even if not called to the attention of the trial judge.

■ Judge Gallegos was disqualified effective January 13, 1971, when the affidavit was filed. Thereafter, he had no jurisdiction to act in the case. Norton v. Reese, 76 N.M. 602, 417 P.2d 205 (1966); Rivera v. Hutchings, supra.

■ The disqualification may, however, be waived. In re Estate of Peck, 80 N.M. 290, 454 P.2d 772 (1969), cert. denied, sub nom., Chambers v. Beauchamp, 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed.2d 242 (1969); reh. denied, 396 U.S. 1031, 90 S.Ct. 549, 24 L.Ed.2d 528 (1970); State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179 (1941).

The State contends a waiver occurred when, pursuant to request, the trial judge took action in connection with the appearance bond. The approving of the bond and its continuance were acts of judicial discretion. State v. Chavez, supra; State v. Nagel, 185 Or. 486, 202 P.2d 640 (1949). Nevertheless, we hesitate to hold that a defendant in a criminal case has waived his disqualification of a trial judge when the only action taken by the trial judge is in connection with bail, to which the defendant has a constitutional right. N.M.Const. Art. II, § 13. See State ex rel. Bowden v.

Gallegos, No. 9319, unreported order of the New Mexico Supreme Court, September 15, 1971. We pass this question because there are other facts establishing a waiver.

■ Judge Gallegos, after striking the affidavit of disqualification, set the case for trial on June 7, 1971. Defendant made no effort to prohibit Judge Gallegos from trying the case. Instead, defendant appeared on June 7, 1971 and requested a continuance. This continuance was granted. This action effectively waived the prior disqualification. In re Estate of Peck, supra. Furthermore, on the date of trial, defendant waived trial by jury and proceeded to trial without objection to Judge Gallegos presiding. This also constituted a waiver. See Rivera v. Hutchings, supra.

### Restriction of cross-examination.

A witness for the State testified that he purchased marijuana from the defendant at 5:00 p. m. on October 30, 1970; that he placed it in the trunk of his car and turned it over to the police on November 1, 1970. The witness also testified that this purchase was the only narcotics he had in the trunk of the car.

On cross-examination the witness testified he made no other purchases on the evening of October 30th; that he did not believe he made any other purchases in the next two days but couldn't remember for sure and admitted that he was making lots of purchases "during this particular time."

After the foregoing testimony, an objection was sustained to the question: "Is it possible there could have been other purchases during that, those two days?" Defendant claims the trial court, in sustaining the objection to this question, denied defendant a fair trial by unduly restricting cross-examination on a material element of the case.

■ We agree that purchases made by the witness, between October 30th and November 1st, were material to the issue of

whether the exhibit admitted into evidence was the alleged purchase from defendant on October 30th. We do not agree there was an undue restriction of cross-examination.

■ The question, to which the objection was sustained, had already been answered. The witness had admitted making lots of purchases and couldn't remember for sure whether he had made other purchases during the two-day period. Thus, the information sought by the question was already in evidence. The ruling on the question was within the trial court's discretion. There was no abuse of discretion in sustaining an objection to a repetitious question. Pandolfo v. United States, 128 F.2d 917 (10th Cir. 1942), cert. denied, 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524 (1942); Fulks v. State, 481 P.2d 769 (Okl.Cr.App. 1971). See Csanyi v. Csanyi, 82 N.M. 411, 483 P.2d 292 (1971); State v. Apodaca, 81 N.M. 580, 469 P.2d 729 (Ct.App. 1970).

After the objection to the question was sustained, defendant made no effort to cross-examine further. There is nothing showing the trial court prohibited additional cross-examination. See State v. Hudson, 78 N.M. 228, 430 P.2d 386 (1967).

The record does not show any undue restriction of cross-examination.

*Foundation for testimony of witness.*

■ A witness for the defense testified that he was present at the apartment where the sale of marijuana was alleged to have occurred and that he "* * * witnessed no sale." On cross-examination by the State, the witness was asked if he saw any "grass." He answered: "I did." Defendant asserts no foundation had been laid for the witness to express an opinion as to whether the substance seen was marijuana and that the overruling of his objection to that effect was error.

There is no ambiguity in the record. Whether called "grass" or "weed" or "marijuana," the testimony of various witnesses was concerned with the substance present in the apartment and allegedly sold by defendant. Defendant had previously stipulated that a qualified chemist, if called to testify, would state that he examined the substance and found it to be marijuana. Thus, even if no foundation had been laid for the witness to characterize the substance as marijuana, the error was harmless because that fact had been stipulated. See State v. Vasquez, (Ct.App.), 492 P.2d 1005, decided December 22, 1971.

The judgment and sentence are affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.