Cite as 2026 Ark. App. 240

# ARKANSAS COURT OF APPEALS

No. CV-25-253

| | | |
|---|---|---|
| CRAIG BALLEGEER | | Opinion Delivered April 15, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17DR-15-497] |
| V. | | |
| HOLLY BALLEGEER | | HONORABLE MARC MCCUNE, JUDGE |
| | APPELLEE | |
| | | MOTION DENIED |

## PER CURIAM

Before the court is appellant's motion seeking relief that, in substance, would require this court to stay enforcement of the circuit court's order. However, appellant has neither requested a stay in accordance with the applicable rules nor filed a supersedeas bond. Under well-settled Arkansas law, the mere filing of a notice of appeal does not divest the circuit court of jurisdiction to enforce its orders. The Arkansas Supreme Court held that "even though the record may have been lodged with the appellate court, where no supersedeas bond has been filed, the trial court retains jurisdiction to enforce its orders." *Kearney v. Butt*, 224 Ark. 94, 96, 271 S.W.2d 771, 772 (1954). This principle was reaffirmed by this court in *Albarran v. Liberty Healthcare Management*, 2013 Ark. App. 738, 431 S.W.3d 310. The purpose of a supersedeas bond is to preserve the status quo during the pendency of an appeal;

absent such a bond or a properly granted stay, there is nothing preventing the circuit court from proceeding to enforce its judgment.

Here, appellant has not obtained a stay from the circuit court. Therefore, the circuit court retains full authority to enforce its order notwithstanding the pending appeal. Accordingly, to the extent appellant requests relief that would operate as a stay, the motion is denied. The circuit court's jurisdiction to enforce its order remains intact.

Motion denied.

HARRISON, TUCKER, WOOD, and HIXSON, JJ., not participating.

*Henry Law Firm*, by: *Mark Murphey Henry*, for appellant.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*, for appellee.