# Bell *v.* The State.

*Habeas Corpus by Defendant Convicted of Bastardy.*

1. *Bastardy; what necessary to release in case of.*—If on the trial of an issue of bastardy the defendant is convicted and required to give the statutory bond; and if he fails to give the bond before the adjournment of the court and is sentenced to hard labor, he is not entitled to release therefrom until he both executes the bond and pays the costs.—Code, § 4397.

2. *Same; no provision for appearance bond on appeal in.*—There is no provision in the statutes by which a defendant convicted in a bastardy proceeding against him may, on appeal prayed by him, give an appearance bond and be discharged from custody pending the appeal.


Appeal from order of Hon. JOHN C. ANDERSON denying petition for *habeas corpus.*

The facts are sufficiently set out in the opinion.

C. E. HAMILTON, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

HARALSON, J.—Section 4393 of the Code provides, that on the trial of an issue of bastardy, if found against the defendant, judgment must be rendered against him for costs, and he must be required to enter into bond and surety, to be approved by the judge (of the court trying the cause), in the sum of $1,000, payable to the State, conditioned to pay such sum, not exceeding $50 a year, as the court may prescribe, on the first Monday in January of each year, for ten years, to the judge of probate of the county, for the support and education of the child.

The succeeding section—4394—provides, that on failure to give such bond, the court must render judgment against the defendant for such sum as, at legal interest, will produce the amount directed to be paid annually; "and he must also be sentenced to hard labor for the county for one year, unless in the meantime, he executes the bond required, or pays the judgment and costs."

Section 4396 directs, that if such bond is not given before the adjournment of the court, it may be given at any time before the term of imprisonment expires, and in such case, it must be approved by the judge of probate and filed and recorded in the office of the clerk of the circuit court, and execution may, on the application of the judge of probate, issue thereon against all the obligors therein, for the payments required to be made thereon, which, when collected, must be paid to said judge. Section 4397 again prescribes, that "In the case provided for in the preceding section (4396) the defendant must be discharged from imprisonment on payment of the costs, and the judgment against him is discharged." In other words, if the defendant, after the adjournment of the court, not having previously thereto, executed said bond or paid the judgment and costs, and in default of either, has been sentenced to hard labor for the county, desires his discharge from such sentence, he may procure it by executing the bond required,—which may be approved by the judge of probate,—and paying the costs, and this,—the execution and approval of said bond and the payment of the costs,—will discharge the judgment against him, and he must thereon be discharged; but, it requires both the execution and approval of such bond

and the payment of the costs to satisfy the judgment against him, and entitle him to a discharge from custody.

In this case, the issues were found against the defendant, and judgment was rendered against him for the costs. The court required him to execute a bond such as is prescribed by statute; the defendant having failed to execute the prescribed bond before the adjournment of the court, he was sentenced to hard labor for the county for one year, and afterwards, and while he was serving out his sentence he presented to the judge of probate of the county his bond, such as had been prescribed by the court, with sureties thereon, which it is stated the judge refused to approve, unless the defendant paid all the costs that had been adjudged against him on the trial of the cause. The judgment rendered by the court, is not set out in the transcript, but construing the petition most strongly against the petitioner, we must presume it was in such amount as the statute required, and that it was altogether such a judgment as the court could properly render.

The petition further shows, that after defendant's conviction, he prosecuted an appeal under section 4405 of the Code, to reverse the judgment of the circuit court, which appeal as stated, is now pending in this court. It is further stated, that petitioner offered in the court below to give security for the costs of the appeal, and to make such bond as the court should fix for his appearance to await the action of the Supreme Court on his appeal, but as the petition states, "notwithstanding the offer of your petitioner to give the security for costs of the appeal and the appearance bond, should it be required, the said Hon. D. M. Powell (the special judge who tried the case) required that defendant make and execute a bond (the one prescribed by section 4393 of the Code on issue found against defendant), before petitioner could be released from the custody of the sheriff."

On this state of facts, this petition was presented to the Hon. Jno. A. Anderson, judge of the 1st judicial circuit, then presiding in the 2d circuit, praying for his discharge which was refused.

The discharge was prayed for, as appears on two grounds, 1st, that when he presented his bond to the judge of probate, it was his duty to approve the same and discharge petitioner, notwithstanding he did not pay or offer to pay the costs of the case. It may be the judge gave a wrong reason for not approving the bond, and that he ought to have approved it, whether the costs were paid or not, but it is certain, that the offer of this bond for approval and the failure of the judge to approve it, did not, under the statute, entitle the petitioner to his discharge, unless he paid the costs. If he had done this, it is manifest from the petition itself, the bond would have been approved, and the petitioner would have procured his discharge. It is the failure to discharge him, at which he complains, and to this he was, without the payment of the costs, not entitled.

The remaining 2d ground for his discharge is based on the refusal of the court below, to allow him to make a bond for his appearance, to await the decision of the Supreme Court on his appeal, and be discharged on the execution of the same. To this he was not entitled, for the all-sufficient reason that there is no statute for the allowance of such an appearance bond in prosecutions of this character.

We find no error in the ruling of the judge in refusing to discharge the defendant on his petition, and his denial of the application is affirmed.

Affirmed.