## LAND *v.* STATE.

### Opinion delivered October 28, 1907.

1. BASTARDY—POWER TO IMPRISON.—Though a proceeding to affiliate a bastard child is a civil proceeding, the power given to the court by Kirby's Digest, § § 486, 487, to commit the father to jail for failure to pay the judgment for lying-in expenses and to give the required bond for payment of the monthly allowance for the child's maintenance is a proper exercise of the police power of the State, and not an imprisonment for debt. (Page 200.)

2. SAME—EVIDENCE—EXHIBITION OF CHILD.—It is not error in a bastardy case to permit the child to be exhibited to the jury. (Page 202.)

Appeal from Cleveland Circuit Court; *Zachariah T. Wood,* Judge; affirmed.

*Hunt & Toney,* for appellant.

1. It is error to exhibit a bastard child to the jury on the trial. 16 Ill. App. 299; 19 Ind. 152; 24 Neb. 33; 23 Utah, 541; 64 Wisc. 84. Also to show that the child resembles person charged to be its father, or to show color of its hair and eyes, etc., 4 Allen (Miss.), 435; 45 Md. 144; 16 Me. 38; 29 Hun (N. Y.), 47. The resemblance of an infant is too indistinct and uncertain. 80 Me. 454; 81 Minn. 501; 40 S. W. Rep. 589; 48 Iowa, 43; 64 Wisc. 84; 112 *Id.* 416.

2. The imprisonment feature of the sentence should have been stricken out. Sections 486-7, Kirby's Digest, are unconstitutional and void. Bastardy is in the nature of a civil, and

not a criminal, proceeding. 45 Ark. 56; 55 *Id.* 387; 61 *Id.* 507. No person can be *imprisoned for debt.* Art. 2, § § 9 and 16, Const. Ark.; 2 G. Greene (Iowa), 501; 2 Conn. 357; 6 Blackf. 1; 11 N. H. 137; Kirby's Digest, § § 720, 723, 486; 59 Ark. 237. See also 1 Martin, Chan. Dec. p. 328.

*Byron Herring,* for appellee.

The affidavit was based on Kirby's Digest, § 482, and case was tried on *Id.* § 486. The imprisonment was a mere police regulation, and the law is not void. 21 Ohio St. 353; 116 N. C. 981; 37 S. C. 263; 34 Kans. 96; 13 Neb. 193; 69 Ark. 378.

McCULLOCH, J. Appellant, James Land, was adjudged at the trial below to be the father of a bastard child, and appeals from that judgment.

The trial jury, in addition to finding that appellant is the father of the child, assessed the lying-in expenses of the mother and a monthly sum for the maintenance of the child, and the court rendered judgment against him for the amounts, in accordance with the provision of the statute, which is to the effect that, unless the defendant in a bastardy case shall pay the judgment for lying-in expense, together with the costs of the case, "then the court shall have the power to commit the accused person to jail until the same shall be paid," and that if he shall neglect or refuse to give bond for payment of the monthly sum allowed for maintenance of the child the court "shall commit him to the jail of the county there to remain until he shall comply with such order or until he shall be otherwise discharged according to law." Act March 17, 1879, Kirby's Digest, § § 486, 487. The appellant objected to the judgment committing him to jail, and now asks that it be set aside.

Counsel for appellant contend that the statute in question authorizing the court in bastardy cases to commit the defendant to jail for failure to comply with the judgment of the court is void. They say that, inasmuch as a proceeding to affiliate a bastard child is of a civil and not a criminal nature, the effect of the order committing the defendant to jail is imprisonment for debt, which the Constitution prohibits.

It is true that the court has held proceedings of this kind to be of civil and not criminal nature. *Pearce* v. *State,* 55 Ark. 387; *Chambers* v. *State,* 45 Ark. 56. But it does not follow

from this that the Legislature can not impower the court trying
the case to enforce its judgment by committal to jail.  On the
contrary, such authority may be given, according to the great
weight of the adjudged cases, as a proper exercise of the police
power of the State, as a regulation for the good of society and
public order.  *Bell* v. *State,* 124 Ala. 77; *Lower* v. *Wallick,* 25
Ind. 68; Ex parte *Wheeler,* 34 Kansas, 96; Ex parte *J. C. H.,*
17 Fla. 362; Ex parte *Bridgeforth,* 77 Miss. 532; *State* v.
*Brewer,* 38 S. C. 263; *State* v. *Giles,* 103 N. C. 391; *Musser* v.
*Stewart,* 21 Ohio St. 353; Ex parte *Cottrell,* 13 Neb. 193.

"The statute," says the Ohio court, "is in the nature of a
police regulation.  Its main object is to furnish maintenance
for the child and indemnity to the public against liability for its
support.  The act of the putative father is regarded as an of-
fense against the peace and good order of society, and the
penalty which the law imposed for his transgression is to en-
force upon him the duty of making provision for the mainte-
nance of his illegitimate offspring."  *Musser* v. *Stewart, supra.*
The obligation of the father does not arise out of contract,
express or implied, but payment or security for payment is
exacted of him by operation of law as indemnity to the public
against the burden of supporting the child.  The power to re-
quire indemnity implies adequate power to enforce the require-
ment, and the only way in which the court can enforce its order
is to imprison the accused until the order is complied with.

But it is said that where the accused is unable to comply
with the order the result is to imprison him for an indefinite
length of time, perhaps for life.  This, of course, depends on
his ability or inability to comply with the order of the court.
We have no such question before us in this record, as no effort
was made by the appellant to show that he was unable to pay
the lying-in expense and cost, or to give bond for payment of
the monthly allowance.  The statute clearly gives the court
power to discharge the defendant from custody when it is made
to appear to the satisfaction of the court that he can not comply
with the order.

Imprisonment under this statute may be likened to that for
failure in a divorce case to comply with an order of the court
with respect to alimony.  This court said, in a case of that kind,

"that imprisonment in such a case is justified on the ground of willful disobedience to the orders of the court; and, so soon as it is made to appear that the defendant is unable to comply with the orders of the court, he should be discharged." Ex parte *Caple,* 81 Ark. 504.

The orders of the court in the present case followed closely the language of the statute, and there is nothing in the record to show that it was not properly made.

It is next contended that the court erred in permitting an exhibition to the trial jury of the bastard child. While the record does not specificially disclose the purpose of the prosecution in making the exhibition to the jury, it is necessarily inferred that an opportunity was sought to allow the jury to observe whether or not the child bore any resemblance to the putative father. There is some conflict in the authorities on this question, but the following cases properly, we think, establish the rule that it is not error to allow the child to be exhibited to the jury. *Crow* v. *Jordon,* 49 Ohio St. 655; *State* v. *Woodruff,* 67 N. C. 89; *Gilmanton* v. *Ham,* 38 N. H. 108; *Gaunt* v. *State,* 50 N. J. L. 490; *Scott* v. *Donovan,* 153 Mass. 378; *Jones* v. *Jones,* 45 Md. 144.

The cases that hold to the contrary base the conclusion upon the inherent weakness of such testimony.

We think, however, that the weight to be given to the testimony is for the jury, and its weakness or uncertainty affords no reason for excluding it.

The youth of the child and the relative improbability of a child of that age having any perceptible resemblance to its parent goes to the weight of the evidence, rather than to the question of its admissibility.

No other grounds for reversal of the judgment have been suggested by counsel. The evidence as to the paternity of the child was conflicting, but it was abundant to warrant the verdict.

Affirmed.