GRIFFITH *v*. GRIFFITH.

5-762                                                    283 S. W. 2d 340

Opinion delivered November 7, 1955.

*Wood & Smith,* for appellant.

*O. W. Pete Wiggins,* for appellee.

J. SEABORN HOLT, J.   The parties here were divorced March 20, 1952 and under the decree appellant, E. H. Griffith, was ordered to pay appellee $150.00 per month alimony. He made these payments as ordered until March 20, 1953 but has paid nothing since June 30, 1954, when he paid $75.00 to appellee. The alimony payments had been reduced to this amount by a previous court order. Appellant married again March 3, 1953. In February 1955 appellant was cited to appear and show

cause why he should not be held in contempt for failure to comply with the court's order to pay $75.00 per month alimony. On a hearing April 19, 1955 appellant was adjudged to be in contempt. A jail sentence of ten days, and a fine of $50.00, were imposed. The court found him to be delinquent in his payments in the sum of $570.00 and entered judgment against appellant for this amount "for the collection of which immediate execution or garnishment may issue as upon a judgment at law." In addition appellant was ordered to pay appellee's attorney $100.00, all costs, and $50.00 per month future alimony to appellee until further orders of the court. This appeal followed.

For reversal appellant says: "It is our position that while appellee was entitled to a judgment for arrearages it was not within the power of the court to imprison appellant for contempt because performance of the court's order at the time of the hearing was a physical and financial impossibility. It is our further position that while appellee's attorney rendered valuable services it was an abuse of discretion to impose an attorney's fee against appellant because there is no evidence of financial ability to pay any amount. The same is true of the $50.00 award of alimony."

Appellant was a conductor on the Missouri Pacific Railroad. July 5, 1954, he became disabled and on the same day hospitalized because of a coronary occlusion. He has not been able to work since. He remained in the hospital for a period of forty days and has been back several times since. These returns to the hospital are recited in the following summary by Dr. S. C. Fulmer, heart specialist, who had him in charge.

"He was admitted July 5, 1954 and discharged August 14, 1954. The diagnosis was acute coronary occlusion. This attack had occurred on the morning of July 5, 1954 while walking from his train to his room about 4:30 a.m.

"He was admitted to the hospital on October 3, 1954 for a follow-up examination of his coronary occlusion and was discharged October 5, 1954.

"He was readmitted November 28, 1954 and discharged December 2, 1954. The diagnosis was old coronary occlusion with mild congestive heart failure.

"He was again admitted for further heart study on January 16, 1955 and discharged on January 18, 1955. Diagnosis: old coronary occlusion.

"He was admitted February 1, 1955 and discharged February 7, 1955. Diagnosis: osteoarthritis of the spine, old coronary occlusion.

"He was admitted February 15, 1955 and was discharged February 17, 1955. During this examination his whole case was reviewed and it was my opinion that Mr. Griffith was totally disabled to do the work of a railroad conductor and I recommended that he be retired from service as of February 17, 1955. This opinion was concurred in by Dr. Peter O. Thomas, District Surgeon for Little Rock Missouri Pacific Hospital."

His pay from the railroad has stopped and he is now on the retired list, and he received sick benefits of $73.80 every two weeks for a period of six months until January 1955. He has 29 years service with the railroad and has applied for retirement pay ("or sick benefits") to which he is entitled and should receive in due course. The amount of such benefits is not disclosed. Appellee at the time of trial and for sometime prior thereto was receiving $25.00 per week as a clerk in a New Orleans department store.

Appellant's contention that the court erred in assessing a fine and jail sentence in the circumstances is correct. Imprisonment for contempt for failure to pay alimony may be imposed only in those cases where it appears that the defendant was able to pay but willfully and stubbornly refused to do so. We hold, on trial de novo here that the findings of the court, that appellant was able to pay during the six months' period and that he willfully refused to do so, were against the preponderance of the evidence.

On the record presented this is clearly not a criminal contempt proceedings but one of civil contempt, the object of which is not to punish appellant but to coerce him to pay the money due for alimony under the divorce decree. The prevailing rule appears to be as announced in *Snook* v. *Snook*, 110 Wash. 310, 188 P. 502, 9 A. L. R. 262, where it is said: "In a contempt proceeding . . . the object of which is to coerce the payment of money, the lack of ability to pay on the part of the defendant is always a complete defense against enforcing payment from the defendant by imprisonment. In harmony with the law on that subject in most of the jurisdictions of this country, this court has repeatedly so held."

The above rule appears to be in accord with our own in *Ex parte Caple*, 81 Ark. 504, 99 S. W. 830, where we said:

"Our statute expressly provides that the court in actions for divorce 'may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and executions and in proceedings as in cases for contempt.' Kirby's Digest, § 2679 (now § 34-1210, Ark. Stats. 1947). It further provides in another section that such orders may be enforced by sequestration and such other lawful ways and means as are in accordance to the rules and practice of the court. Kirby's Digest, § 2682 (now § 34-1212, Ark. Stats. 1947). Imprisonment in such a case is only justified on the ground of willful disobedience to the orders of the court; and, so soon as it is made to appear that the defendant is unable to comply with the orders of the court, he should be discharged." And, in *Harmon* v. *Harmon*, 152 Ark. 129, 237 S. W. 1096, we said: "Imprisonment of a divorced husband for a failure to pay alimony is justified only on the ground of willful disobedience to the orders of the court, and as soon as it is made to appear that he is unable to comply with such orders, he should be discharged. *East* v. *East*, 148 Ark. 143, 229 S. W. 5; *Webb* v. *Webb*, 140 Ala. 262, 37 So. 96, 103 Am. St. Repts., 30, and *Messervy* v. *Messervy*, 85 S. C. 189, 67 S. E. 130, 137 Am. St. Repts. 873, and case note at 883.

"It does not appear that the defendant made a fraudulent disposition of his property after the award of alimony against him; or that he failed or refused to perform the decree from mere contumacy. It appears that his neglect was the result of misfortune from want of means and ill health. The court is empowered to punish the defendant by imprisonment for willful obstinacy where it shall appear that he had the means with which to comply with the decree, but it should not imprison him where he shows that he has not the pecuniary ability to comply with the decree and is in such ill health that he cannot earn enough money to do so." Reaffirmed in *Hemby* v. *State,* 188 Ark. 586, 67 S. W. 2d 182. As indicated, there was no showing here that appellant was able to pay and refused from mere contumacy.

The judgment against appellant for arrearages, attorney's fee, costs, and future alimony payments of $50.00 per month will be allowed to stand, and as we said in the *Harmon case* above, 152 Ark. 129, 237 S. W. 1096, . . . "under our practice the defendant may be again cited for contempt if it should be shown that his disobedience to the order of the court continues and is willful or the result of fraudulent conduct in the premises on his part." So much of the decree adjudging the appellant guilty of contempt and assessing the $50.00 fine and a ten day jail sentence is reversed and dismissed; in all other respects the decree is affirmed.