Dale Thomas "Butch" VOLMER *v.* Donna VOLMER

87-80                                             726 S.W.2d 666

Supreme Court of Arkansas
Opinion delivered March 27, 1987

*Ablondi & Taylor, P.A.*, by: *Tami Harlan*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for Chancellor John Earl.

*W. Bruce Leasure*, for respondent Donna Volmer.

PER CURIAM. ■ On March 17, 1987, the trial court held petitioner in criminal and civil contempt of its prior orders, and petitioner, in his request for a writ of habeas corpus here, alleges that the trial court has unlawfully confined him in the Pulaski County Jail. Petitioner fails to allege any facts or argue any law to support his claim of unlawful incarceration. He does, however, offer to tender certain payments toward the reduction of child support arrearages.

From the meager record before us, it is clear that the petitioner is in substantial arrears in child support and that the trial court did not reduce all of those arrearages to judgment when the court declared petitioner in civil contempt. The court's criminal contempt finding appears to be based upon petitioner's failure to appear before the trial court on September 25, 1986, after having been duly served by process. Based upon these actions and findings of the trial court, the trial court appears to have lawfully incarcerated petitioner.

Although petitioner has failed to allege or argue any appropriate grounds upon which this court may grant a writ of habeas corpus, he certainly may present his proposed payment plan to the trial court in an effort to purge himself of that court's civil contempt order.

Petition denied.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I believe that habeas corpus is a proper remedy in this case. However, if this Court desires to label this petition a writ of prohibition, certiorari, or something else, I would not object. The remedy that the petitioner is seeking is the same regardless of its name. The petitioner wants out of jail. According to the allegations in his petition, he is entitled to be released.

The pleadings reveal that the parties were divorced in St. Louis, Missouri, in 1973. Shortly thereafter the respondent, who was awarded custody of their children, moved to Little Rock where she took up residence and has continued to live.

On January 24, 1986, the respondent filed an action in the Pulaski County Chancery Court to force the petitioner to pay child support in accordance with the Missouri decree. Why she waited more than 12 years to enforce this provision is not revealed in the partial record presently before this Court.

The respondent does not deny that the petitioner is being held in jail for failure to pay on a judgment rendered for arrearages of support payments.

This Court considered exactly the same situation in *Nooner v. Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983). There this Court held:

> However, once the chancellor reduced the arrearages for child support to judgment, he lost control and could not use the judgment in anyway to control past or future acts of the appellant, and that is exactly what he did.
>
> . . .
>
> The appellant in an amended order was required to pay $150 per week to stay out of jail under a threat of some type

of continuing contempt. The Court had no authority to use this judgment to encourage this agreement from Nooner.

We have many times held that imprisonment for failure to pay alimony or support payments is not an act for which a person may be jailed unless the defendant has the ability to pay, but wilfully refuses to do so. In *Griffith* v. *Griffith*, 225 Ark. 487, 283 S.W.2d 340 (1955), the Court stated:

> Imprisonment in such a case is only justified on the ground of wilful disobedience to the orders of the court; and, so soon as it is made to appear that the defendant is unable to comply with the orders of the court, he should be discharged. In *Harmon* v. *Harmon*, 152 Ark. 129, 237 S.W. 1096, this Court said:
>
>> Imprisonment of a divorced husband for failure to pay alimony is justified only on ground of wilful disobedience to the orders of the court . . . [I]t should not imprison him where he shows that he has not the pecuniary ability to comply with the decree . . . .

No additional authority need be cited because there can be no doubt that our cases uniformly hold that one cannot be imprisoned for debt for his inability to meet the demands of the courts or his former spouse.

The payments offered to the respondent in this case include $1,700 attorneys fees, a $5,000 down payment, and an assignment from his paycheck in the amount of $751.00 per month. This is certainly much more than the wife will receive if this Court and the trial court keep the petitioner in jail. Also, I question the validity of the judgment because of the possible ineffective service of process in Missouri.