

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–162

|  |  |
|---|---|
|  | **Opinion Delivered** November 6, 2013 |
| SHERRY ANN INGLE | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT |
| APPELLANT | [NO. DR-2011-13] |
| V. | HONORABLE JOHN R. PUTMAN, JUDGE |
| WILLIAM "BILLY" ROBERT INGLE, JR. | |
| APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant Sherry Ann Ingle appeals a circuit court order that found her in contempt and ordered her to deliver three gold coins or $20,000.00 to appellee William "Billy" Robert Ingle, Jr., in accordance with their divorce's property settlement agreement or go to jail. Sherry argues that the court erred in finding her in contempt for two reasons. One, she argues the property settlement was too indefinite in its terms to be complied with, and two, she has no ability to return the coins to Billy. We disagree and affirm.

Sherry and Billy married in 1982 and separated in 2011. The court granted the divorce in August 2011. The decree included a stipulated property settlement agreement (Agreement). The Agreement listed the division of certain personal property, which included three gold, five-dollar coins. These coins belonged to Billy's grandmother and

were listed as his property. In October 2011, Billy filed a petition for contempt and claimed that Sherry had not returned the coins and had denied him access to his property. Sherry admitted that she did not allow Billy to enter her property at the appointed time to collect his remaining property, including the coins. She contended that she only had two gold coins in her possession and had attempted to give these to him, but he refused to accept them. The parties also disagreed over whether the two coins in Sherry's possession were in fact part of the three coins due Billy. At the contempt hearing, the court found Sherry in contempt and ordered her to return the three coins or pay $20,000.00 to Billy by September 1, 2012. This appeal followed.

Contempt is divided into criminal contempt and civil contempt. *Doss v. Miller*, 2010 Ark. App. 95, 377 S.W.3d 348. The court has given a concise description of the two concepts, noting that criminal contempt punishes while civil contempt coerces. *Id*. Civil contempt persuades parties to comply with orders of the court. It is a matter between the judge and the litigant and not between the two litigants. *Id*.

Our standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *Applegate v. Applegate*, 101 Ark. App. 289, 275 S.W.3d 682 (2008). In our review, we defer to the superior position of the circuit judge to determine the credibility of witnesses and the weight to be given their testimony. *Russell v. Russell*, 2013 Ark. 372, ___ S.W.3d ___. In order to establish civil contempt, there must be willful disobedience of a valid order of a court. *Applegate*, *supra*. However, before one can be held in contempt for violating the court's order, the order must be definite in its terms and clear as to what duties it imposes. *Id*.

2

A court's power to institute civil contempt in order to acquire compliance with its orders is a long-standing rule of law, but it may not be exercised where the alleged contemnor is without the ability to comply. *Aswell v. Aswell*, 88 Ark. App. 115, 195 S.W.3d 365 (2004). The court is empowered to punish the defendant by imprisonment for willful obstinacy where it shall appear that he had the means with which to comply with the decree, but it should not imprison him where he shows that he has not the pecuniary ability to comply with the decree and is in such ill health that he cannot earn enough money to do so. *Griffith v. Griffith*, 225 Ark. 487, 283 S.W.2d 340 (1955).

The testimony of Sherry and Billy constituted the majority of the evidence at the contempt hearing. The court stated in its order of contempt that it found Billy the more credible of the two parties, and this court will defer to the superior position of the circuit judge in making this determination. Sherry stated that she did not allow Billy to enter her property as required by the Agreement because he was "rude and discourteous." Regardless of her reason for barring Billy from her property, she deliberately acted in violation of a court order and supplied sufficient grounds for the court to find her in contempt.

In her defense, Sherry argues that the Agreement was too indefinite in its terms for her to comply. Her argument is that the Agreement was not definite as to the precise description of the gold coins. The language of the Agreement was clear. Additionally, Sherry entered into the Agreement with counsel and had the opportunity to require more definite descriptions of the property if she was unsure whether she had the property in her possession. She neglected to do so, and she does not appear to have had any difficulty in

complying with the remainder of it. The court's finding that the Agreement was sufficiently definite for her to comply was not clearly against the preponderance of the evidence.

Sherry next argues that she does not have the specific gold coins Billy alleges consisted of his grandmother's gold coins in the Agreement and therefore she cannot comply. While Sherry is correct that a court may not find a party in contempt if they cannot comply with the order, this only applies in specific circumstances. Even if Sherry, in good faith, is unable to produce the three coins, she did not demonstrate nor argue below that she was unable to pay the $20,000.00. Although Sherry argues lastly that the circuit court erred in finding Billy more credible than her, as stated, we defer to the circuit court's findings as to the weight of the evidence and credibility of the parties. Therefore, we cannot find that the circuit court was clearly erroneous in finding Sherry less credible.

For the above reasons, we cannot find that the circuit court erred in finding Sherry in contempt by a preponderance of the evidence.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*The Strother Firm, P.A.*, by: *Judith C. Strother*, for appellant.

*Cooper & Bayless*, by: *Mark C. Cooper*; and *Carney Law Firm*, by: *Jodi G. Carney*, for appellee.