JOHN MAUZY PITTMAN, Judge, dissenting. This case should be dismissed because the order of contempt is not final. Although it is true that Ark. R.App. P.-Civ. 2(a)(13) permits an appeal from a civil contempt order that imposes a sanction, this is so only where such an order constitutes the final disposition of the contempt matter. The order appealed is not a final disposition of the contempt matter in this case. The order provides: [T]he Court finds Plaintiff in contempt and awards the Defendant judgment in the sum set forth above. The Plaintiff is ordered and directed to comply with all Orders | iain the future and that if the judgment is not satisfied within a reasonable period of time not to exceed six (6) months from the date this Order is entered, a Body Attachment shall issue and Plaintiff shall be incarcerated in the Sebastian County Detention Center until such time as he brings current all of his obligations under the previous orders and current orders of this Court. The lack of finality is demonstrated by our inability to decide the question argued. Appellant claims that he will not be able to pay these obligations because of his financial situation; he asks us to make a finding regarding his ability to pay in futuro and to reverse the trial court’s finding of contempt based upon that finding. We cannot do so. First, it is for the trial court, not the appellate court, to make initial findings regarding a contemnor’s ability to purge the contempt by payment. Second, the condition that would give rise to the sanction necessary to finality of this order— failure to pay — has not yet occurred. Appellant argues that this is in fact a final order by reference to the 2010 Reporter’s Notes to Rule 2 that State “when a contempt sanction is suspended conditionally for a specific period of time, our supreme court has concluded that the suspension amounts to a postponement of the contempt rather than a remission,” and that “[a]n order with postponed sanctions is appealable.” However, to consider the order in the present case as containing postponed sanctions, we would have to construe the trial court’s order as providing for immediate imprisonment upon failure to pay, without regard to whether the failure to pay was willful and without a hearing to determine ability to pay. Such a construction would assume that the trial court intended to violate appellant’s due-process rights by depriving him of a hearing on the issue of willfulness before imprisonment is imposed, Griffith, v. Griffith, 225 Ark. 487, 283 S.W.2d 340 (1955), and would be contrary to the presumption of regularity [14that attaches to all orders issued by courts of general jurisdiction. See American States Insurance Co. v. Williams, 2010 Ark. App. 840, 2010 WL 5129958; see generally 31A C.J.S. Evidence § 234 (2014). Because I would dismiss for lack of a final order, I respectfully dissent.