Brandon J. Harrison, Judge, concurring. I agree with parts I and II of my colleagues’ decision and concur with part III. A primary aspect of the contempt issue was preserved for appeal in my view, and I write separately to explain why I would affirm the circuit court’s contempt-related decision on the merits. The appellees filed a petition for body attachment more than one year before the final order was issued in this ease. The appellants responded in writing that they could not place the sale proceeds into the court’s registry as ordered because all the money had been spent. The appellants made a clear “inability to pay” argument in their response to the petition for [ ¡¡body attachment. They did so again during the trial when the issues were joined. Specifically, Linda Marston admitted during direct examination that she could not pay. Marston testified that she and her siblings each received about $11,100.00 from the sale proceeds, that the court directed them to pay the money into the registry about a month after the sale, and that she had spent everything by that time. Marston said that she did not know if the other siblings had any money to post into the court’s registry. Appellants’ counsel then introduced Exhibit 10, a document that detailed how Marston spent her share of the house-sale proceeds. Twenty-eight items were listed, ranging from “Mr. Rob’s cleaners: $41.25,” to “Jessica Marston for helping with mom: $1,000,” to “For Mise ... like clothes, food, gas and bills: $1,954.15,” to ‘Wal-Mart: $39.34,” to “Wireless Accessories: $64.95,” to “For fixing our house from Lowels, Yeagers: $1,207.05,” to “Lawyer Estell: $1,000,” and a number of other rather usual expenses. No evidence regarding how the other appellants spent their house-sale money was ever even proffered. In other words, no one but Marston even attempted to provide the circuit court with inability-to-pay proof. After the bench trial, the court entered judgment on the main issue of the case and found the appellants in contempt for not complying with the 15 August 2012 order that directed them to deposit the house-sale proceeds into the court’s registry. The whole case was reduced to one judgment, entered on 5 August 2013, and appellants timely appealed that judgment. The court’s contempt finding was civil in nature. That was how it was generally handled below — at least until the post-judgment phase and this appeal, when the lines of | inargument admittedly expanded. Recall that in response to the petition for body attachment, the appellants raised an inability-to-pay defense, which, if accepted, would have been a complete defense to an attempt to enforce payment through imprisonment. Griffith v. Griffith, 225 Ark. 487, 283 S.W.2d 340 (1955). As a matter of civil-contempt law, the circuit court had the power to coerce appellants to pay money it had previously ordered them to tender to the court, though that power is circumscribed by a contemnor’s inability to pay. “If the court finds inability to comply, the civil contempt citation must be dismissed.... If, however, one capable of paying money is ordered to do so and refuses, a court order imprisoning the defendant is held to be imprisonment for contempt and not for debt.” 2 David Newbern, et al., Arkansas Practice Series: Civil Practice and Procedure § 33:7, at 723 (5th ed. 2010); see also Albarran v. Liberty Healthcare Mgmt.; 2013 Ark. App. 738, 431 S.W.3d 310. This brings us to the proof Marston and the others did or did not present on the inability-to-pay consideration. As a matter of proof, the court’s decision that Mar-ston and the other appellants failed to prove an inability to pay was not clearly against the preponderance of the evidence. The record shows that the appellants consistently failed to pay any money, for over a year, in violation of the court’s order. The first assertion of an inability to pay was presented in the response to the petition for body attachment. No affidavits or sworn statements were attached to the response — all the court had at that point were lawyers’ assertions. Those assertions, standing alone, are not evidence. See Smith v. Ark. Dep’t of Human Servs., 2013 Ark. App. 753, at 6, 431 S.W.3d 364, 368 (2013) (attorney’s arguments |1Tnot evidence). And one year later, during the bench trial, all the proof of inability to pay came through Linda Marston, and that evidence did not persuade the court. The circuit court could have concluded, on the record made pretrial and during the trial that the appellants failed to prove an inability to pay and therefore could not avoid the civil-contempt punishment. I therefore agree to affirm the circuit court’s judgment.