M. Michael Kinard, Judge, concurring. I respectfully concur. I agree with the majority that appellant is.entitled to no relief from this court. I write separately primarily to explain how my reasoning differs from the majority on the contempt issue. The majority correctly holds that appellant cannot argue on appeal that the trial court lacked authority to modify his obligations under the property-settlement agreement. Not only did appellant fail to make that argument below, as the majority points out, but he actually asked the court to modify his alimony obligation so as to reduce it to $400 per month until paid in full and offered to purchase a term life-insurance policy to secure that obligation. The court did allow appellant to make reduced monthly payments instead of continuing to be obligated to pay the entire amount in a lump sum and further reduced his life-insurance obligation. Under the doctrine of invited error, an appellant may not complain on appeal of an erroneous action by the trial court if he has induced, consented to, or acquiesced in that | ^action. Riley v. State Farm Mutual Automobile Insurance Co., 2011 Ark. 256, 381 S.W.3d 840 (2011); Briscoe v. Shoppers News, Inc., 10 Ark. App. 395, 664 S.W.2d 886 (1984); J.I. Case Co. v. Seabaugh, 10 Ark. App. 186, 662 S.W.2d 193 (1983); see Rachel v. Rachel, 294 Ark, 110, 741 S.W.2d 240 (1987) (Glaze, J., concurring). Because appellant asked for modifications of the same nature as those made by the trial court, he cannot complain that the trial court lacked authority to take those actions. Where I depart from the majority’s reasoning is its treatment of appellant’s challenge to the finding that he was in contempt of court for his failure to pay his preexisting alimony obligations. The majority entertains the issue and decides that the trial court’s finding is supported by sufficient evidence. In my opinion, we should not consider the issue because it is not properly before us. While the trial court did find appellant to be in contempt of court, no sanction was imposed as a result. Appellant was simply reordered to comply with his already existing obligations under the provisions of the longstanding agreement and divorce decree. The only changes made regarding those obligations were actually beneficial to appellant. While a contempt order that imposes a sanction and constitutes the final disposition of the matter is appealable, Ark. R.App. P.-Civ. 2(a)(13), a naked finding of contempt is not. See Emerson v. Emerson, 2016 Ark. App. 92, 2016 WL 537442; Shafer v. Estate of Shafer, 2010 Ark. App. 476, 2010 WL 2195997; Taylor v. Taylor, 26 Ark. App. 81, 759 S.W.2d 222 (1988). Therefore, to the extent that appellant purports to appeal from the finding of contempt, the appeal should be dismissed without being addressed. Finally, it appears that appellant may also be arguing that the trial court erred in 17threatening him with immediate arrest and jailing pending payment of any future arrears should appellee subsequently claim that appellant has violated the order appealed from. However, this issue is not ripe for decision. At the time of the last order, appellant had not violated its provisions, and the stated sanction had not been imposed on him. I am confident that, should appellee file another contempt petition, the court will first afford appellant a hearing, should he request one, at which a determination of his ability to pay would be made as required by law. See Griffith v. Griffith, 225 Ark. 487, 283 S.W.2d 340 (1955); Ingle v. Ingle, 2013 Ark. App. 660, 2013 WL 5964771; Aswell v. Aswell, 88 Ark. App. 115, 195 S.W.3d 365 (2004).